UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN D. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-01160-JES-JEH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND OPINION**

This matter is now before the Court on Plaintiff's Motion for Summary Judgment (Doc. 9) and Memorandum in Support (Doc. 10); and the Commissioner's Motion for Summary Affirmance (Doc. 11) and Memorandum in Support (Doc. 11-1); and Plaintiff's Reply (Doc. 12). Magistrate Judge Hawley issued his Report and Recommendation (Doc. 13) recommending the Court grant Plaintiff's Motion for Summary Judgment. The Commissioner timely filed an Objection (Doc. 14) in response and Plaintiff filed his Response (Doc. 15) to Defendant's Objections. For the reasons set forth below, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Doc. 13); Plaintiff's Motion for Summary Judgment (Doc. 10) is GRANTED and the Commissioner's Motion for Summary Affirmance (Doc. 11) is DENIED. This matter is remanded for further proceedings consistent with this opinion.

**Background**

The facts of this case have been sufficiently detailed in the Magistrate Judge's Report and Recommendation (Doc. 13), which the Court now adopts. The Court thus recounts the facts here

in summary fashion.[1] Additional facts will be incorporated as necessary in the discussion section.

Robin D.P. ("Robin" or "Plaintiff") filed an application for disability insurance benefits (DIB) on May 10, 2019, alleging disability beginning on December 1, 2018. AR. 15. His DIB claim was denied on November 7, 2019, and upon reconsideration was again denied on April 29, 2020. *Id.* After a request for a hearing before an administrative law judge, a hearing was held on November 17, 2020, before the Honorable David W. Thompson ("ALJ") at which time Robin requested to amend his alleged onset date to December 28, 2018. *Id.* At the hearing, Robin was represented by an attorney, and Robin and a vocational expert testified. *Id.* Following the hearing, the ALJ issued a Decision denying Robin's DIB claim on January 19, 2021. AR 15-24. The ALJ determined that Robin suffered from the severe physical impairments of: "pseudogout, degenerative joint disease of the left knee status post surgical replacement, degenerative disc disease of the cervical, thoracic, and lumbar spine, and essential hypertension." AR 18. The ALJ determined that Robin's mental impairments, anxiety and depression, were non-severe. *Id.* The ALJ found that he did have mild limitations in three of the four areas of mental functioning set out by disability regulations, commonly known as Paragraph B criteria. AR 18-19. The ALJ found that Robin experienced no limitations in understanding, remembering, or applying information; and experienced mild limitations in interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing himself. AR 19. The ALJ stated that the mental limitations identified in the paragraph B criteria were not an RFC assessment and acknowledged that a more detailed assessment was needed. AR 19. The Decision that went on to say that the following RFC assessment "reflects the degree of limitation the undersigned has

---

[1] Consistent with the Magistrate Judge's Report and Recommendation (Doc. 13), references to pages with the administrative record (Doc. 5)

found in the 'paragraph B' mental function analysis." AR 19. The ALJ's evaluation of Robin's RFC did not incorporate any accommodations based on the mild limitations caused by his mental impairments. Robin's request for review by the Appeals Council was denied on April 1, 2021, making the ALJ's Decision the final decision of the Commissioner.

Robin timely filed the instant civil action seeking review of the ALJ's Decision on May 22, 2021. On January 21, 2022, Robin filed a Motion (Doc. 10) for Summary Judgment. On February 28, 2022, the Commissioner filed a Motion (Doc. 11) for Summary Affirmance. On August 4, 2022, the Magistrate Judge issued a Report & Recommendation (Doc. 13) recommending that Plaintiff's motion be granted and the case remanded for further proceedings. The Commissioner timely filed an Objection (Doc. 14) to the Report & Recommendation, to which plaintiff filed a Response (Doc. 15).

The parties' arguments center on whether the ALJ's Decision adequately explained his reasoning for not including any limitations on Robin's residual functional capacity due to Robin's mental impairments.

### Standards of Review

"When a party makes objections to a magistrate judge's recommendations, 'the district court is required to conduct a *de novo* determination of the magistrate judge's report and recommendations to which objections have been filed.'" *Davis v. Saul*, 446 F.Supp.3d 406, 408 (N.D. Ind. 2020) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). De novo review "requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

In contrast, the Court's review of the Commissioner's or ALJ's factual findings is deferential. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). When reviewing a decision to deny benefits, the Court "will uphold the Commissioner's decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (internal quotations omitted). "When reviewing for substantial evidence, [the Court] do[es] not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id.* If reasonable minds could differ as to whether the plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). In the Seventh Circuit, the Commissioner's reasoning must "build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

## Standard for Disability Claims

To prove that they are disabled, a DIB claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §423(d)(1)(A). Robin is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration has

implemented these statutory standards by prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520(4).

In the following order, the ALJ must determine whether the claimant

1) is performing substantial gainful activity;
2) suffers from an impairment that is severe and satisfies the durational requirement, or suffers from a combination of impairments that are severe and satisfy the durational requirement;
3) suffers from an impairment whose severity equals or exceeds the severity of any impairment listed in the appendix and satisfies the durational requirement;
4) is unable to perform her past relevant work, which requires assessing the claimant's residual functional capacity ("RFC"); and
5) is unable to perform any other work existing in significant numbers in the national economy.

*Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021). An affirmative answer at Steps Three or Five results in a determination that the claimant is disabled. *Id.* The key dispute in this case is about the ALJ's RFC determination in Step Four.

## Discussion

The Commissioner objects to the Magistrate Judge's Report and Recommendation and its finding that the ALJ Decision failed to adequately explain his assessment of Robin's RFC. The Commissioner asks this court to decline to adopt the Report and instead affirm the ALJ's decision. The Commissioner argues that the ALJ properly evaluated Robin's non-severe mental impairments and sufficiently explained his decision not to incorporate them into his evaluation of Robin's residual functioning capacity. The Court now turns to this issue.

ALJ's RFC Assessment

This case turns on whether the ALJ's Decision adequately explained why he incorporated no mental accommodations based on the mental impairments. The residual functional capacity ("RFC") is "an assessment of an individual's ability to do sustained work. It is the most an individual can work despite his or her limitations or restrictions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (citing SSR 96-8p, 61 Fed. Reg. 34474, 34475). While an ALJ need not use any "magic words" when formulating a claimant's residual functional capacity, his "RFC assessment must incorporate all of the claimant's limitations supposed by the medical record, including even moderate limitations in concentration, persistence, or pace." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). The "residual functional capacity analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021).

The Commissioner, relying on the Supreme Court's decision in *Garland v. Ming Dai*, argues that we must uphold the ALJ's decision if his reasoning was reasonably discernable and must consider whether the ALJ "implicitly" made the relevant findings. *Garland v. Ming Dai*, 141 S.Ct. 1669, 1679 (2021). The Commissioner emphasizes that the ALJ's Decision noted that Robin's anxiety was controlled with medications; that the ALJ relied on the opinions of three psychologist; and that he reiterated in his RFC discussion that Robin's mental impairments were not severe.

The Court is unpersuaded by these arguments for several reasons. First, the Supreme Court's holding in *Ming Dai* is consistent with well-established Seventh Circuit law on SSI and DIB cases. In *Ming Dai*, the Court rejected the Ninth Circuit's "deemed-true-or-credible rule", which required reviewing courts to deem a witness's statements of fact as true unless the

reviewing agency explicitly deemed them not credible. *Ming Dai*, 141 S.Ct. at 1676. The Court held that this rule failed to give proper deference to agency factual determinations and ignored the possibility that they made implicit factual findings. *Id.* at 1680. The Supreme Court instructed reviewing courts to uphold agency decisions "of less than ideal clarity if the agency's path may be reasonably discerned." *Id*. This is consistent with the caselaw of the Seventh Circuit on SSI and DIB evaluations, in which we do not require ALJ's to use any "magic words" when evaluating a claimant's impairments or RFCs. *Crump*, 932 F.3d at 570. The requirement that an ALJ's SSI or DIB determination build an adequate logical bridge between the evidence and the conclusions is not inconsistent with the 'reasonably discernable' standard set out in *Ming Dai*.

      The Court finds that the ALJ's Decision fails to build that adequate logical bridge between the credible, though mild, mental impairments evaluated at Step Two and the lack of mental limitations in the RFC at Step Four. At Step Two, the ALJ considered Robin's medically determinable mental impairments of depression and anxiety. AR 18-19. He determined that they were not severe as they did not amount to more than a minimal limitation in Robin's ability to perform basic mental work activities. AR 18. The ALJ's Decision on this point is detailed and persuasive. He discusses Robin's psychological examinations and treatment history and how he arrived at his determination that the evidence does not support a finding that Robin's mental impairments were severe. This area of his decision is supported by substantial evidence, and neither party disputes that fact. The ALJ did not, however, find that Robin's mental impairments caused him no limitation at all. He determined that the evidence supported a finding that Robin experienced no limitation in the area of understanding, remembering, or applying information, but found that Robin experienced mild limitations in the following three areas: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. AR 19.

These findings are supported by substantial evidence and are not challenged by either party on review.

Based on this conclusion, the Commissioner argues that we must affirm the ALJ's Decision because he was not required to impose any RFC limitations based on these mild impairments. While that is true, it is not dispositive as the ALJ is required to consider the totality of a claimant's limitations when determining their RFC, even those limitations that the ALJ determined were credible but non-severe. *Lothridge*, 984 F.3d at 1233. This is required by the SSA's own guidance- in "assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5.

The portions of the ALJ's RFC assessment identified by the Commissioner fail to adequately articulate why he did not include any limitations based on Robin's medically determinable mild mental impairments. As he himself noted at the end of his Step Two analysis, the "mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." He failed to do so. The Court considers the ALJ's opinion as a whole, *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004), and the Seventh Circuit has said that it is a "needless formality to have the ALJ repeat substantially similar factual analyses" at different sequential steps. *Jeske v. Saul*, 955 F.3d 583, 590 (7th Cir. 2020). However, there are meaningful differences between the Step Two and Step Four analysis required for mental impairments. The limitations in the Paragraph B and C criteria 'are not an RFC assessment" and at Step Four the ALJ is required to provide "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the

adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996).

The ALJ's discussion in Steps Two and Four fail to meet this standard. Any discussion of Robin's mental impairments is buried within the paragraphs about his physical impairments and are rarely addressed on their own. In a paragraph discussing Robin's knee problems, a single sentence states that a previous doctor had determined that Robin's hypertension and anxiety were controlled by medication. AR 21. He briefly discusses Robin's treatment by Dr Thomas Rhode, who according to the decision opined that Robin "had no difficulties concentrating or paying attention as a result of his impairments." AR 22. This mention is undercut by both the fact that the ALJ explicitly found Dr. Rhode's opinion unpersuasive in his Step Four analysis and the fact that he had already determined that Robin *did in fact* experience mild difficulties concentrating or paying attention. These internal consistencies require more explanation, not less, and do not work on their own as an explanation for not including any mental limitations.

In the final paragraph, the ALJ reiterates that the anxiety and depression were not severe as part of his RFC assessment but says nothing further as to why these non-severe impairments warrant no limitations at all. These stray comments do not build an adequate bridge between the finding that these impairments were non-severe and the conclusion that no limitations were warranted.

The ALJ's Decision in Step Two notes that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." AR 19. As Plaintiff and the Magistrate Judge detail, numerous courts in the Seventh Circuit have found that these kinds of boilerplate conclusory statements at Step Two are insufficient to explain the RFC determination at Step Four. *See Anthony W. v. Kijakazi*,

2022 WL 1062334 (N.D. Ill. 2022) (collecting cases). The Court reaches the same conclusion here. The Court cannot read into this statement a sufficient articulation for why these mental impairments do not warrant any limitations in the RFC.

The Court cannot say that this omission was harmless error. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (explaining that administrative error may be harmless and therefore a court ought not remand a case to the ALJ where it is convinced that the ALJ would reach the same result). Based on the RFC assessment, the ALJ determined that Robin could still perform his past relevant work as an accounts payable bookkeeper and a motorcycle sales person and was therefore non-disabled. AR 23-24. The Seventh Circuit has "repeatedly cautioned that 'someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be.'" *Lothridge*, 984 at 1233 (quoting *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020) (collecting cases). As the ALJ did not expressly and properly assess why he included no mental limitations in the RFC, the ALJ did not sufficiently support his finding that Robin retained the mental capacity to perform this past skilled work. *See* 20 C.F.R. §404.1568(c) (recognizing that other "skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."). The Court cannot say with confidence that the ALJ would not have included mental limitations in the RFC if he had conducted the required detailed analysis of Robin's mental impairments at Step Four. If the ALJ had included mental limitations in the RFC, then Robin may not have been able to perform his past skilled work. If so, Robin would be eligible for benefits unless the Commissioner could show that there was other work existing in significant numbers in the national economy that Robin was capable of performing. If not for the ALJ's error, then, the ALJ could have reached a different result.

Upon de novo review, the Court agrees with the Magistrate Judge that the ALJ committed reversible error. We therefore adopt the Magistrate Judge's Report and Recommendation. Plaintiff's motion for summary judgment is granted and the Commissioner's motion for summary affirmance is denied.

## Conclusion

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Summary Judgment (Doc. 9) is GRANTED, and the Commissioner's Motion for Summary Affirmance (Doc. 11) is DENIED.

2. The Clerk is to enter judgment reversing the Commissioner's decision under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), with remand to the Commissioner for further administrative proceedings consistent with this opinion.

3. Upon receipt of the Court's order, the Appeals Council will remand the matter to an Administrative Law Judge (ALJ) who will reevaluate the claimants RFC in light of Plaintiff's mental impairments; take any further action needed to complete the administrative record; and issue a new decision.

Signed on this 24th day of March, 2023,

s/ James E. Shadid  
James E. Shadid  
United States District Judge