## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBIN D.P. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01160-JES-JEH |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Now before the Court is the Plaintiff's Motion (Doc. 18) for Attorney Fees. Defendant filed a Response (Doc. 19) in Opposition and Plaintiff filed a Reply (Doc. 21). For the following reasons, Plaintiff's Motion is GRANTED.

### Background

Plaintiff Robin D.P. ("Plaintiff" or "Robin") applied for disability insurance benefits (DIB) on May 10, 2019.[1] His DIB claim was denied and he filed the instant civil action seeking review of the agency's decision. Robin argued that the Administrative Law Judge ("ALJ") who had conducted the hearing on his DIB claim failed to consider Robin's non-severe mental impairments when evaluating his Residual Functional Capacity ("RFC") and so incorrectly failed to include any mental limitations. This Court agreed and remanded the case to the Social Security Administration for further proceedings. Doc. 16.

### Legal Standard

The Equal Access to Justice Act ("EAJA") "provides that a district court may award attorney's fees where (1) the claimant is a prevailing party; (2) the government was not

---

[1] The full procedural history of this case is detailed in the Magistrate Judge's Report and Recommendation (Doc. 13) and this Court's Order and Opinion (Doc. 16). Additional details are included as necessary in the opinion. Consistent with those opinions, citations to the administrative record are denoted as (A.R. #).

substantially justified in its position; (3) no special circumstances make an award unjust; and (4)

the fee application is timely and supported by an itemized statement." *Conrad v. Barnhart*, 434

F.3d 987, 989 (7th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A), (B)). The Court remanded the

case for further consideration and therefore Robin is a prevailing party. *See Shalala v. Schaefer*,

509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. §405(g) makes the plaintiff

a prevailing party under the EAJA). The Government has not argued that special circumstances

would make an award of fees in this case unjust, and Plaintiff's fee application was timely and

supported by an itemized statement. The only live issue to determine is whether the

government's position was substantially justified.[2]

> "A position is substantially justified if it has a reasonable basis in
> law and fact. The government has the burden of establishing that
> its position was substantially justified, and to do so must show: (1)
> a reasonable basis in truth for the facts alleged; (2) a reasonable
> basis in law for the theory propounded; and (3) a reasonable
> connection between the facts alleged and the theory propounded.
> EAJA fees may be awarded if the government's pre-litigation
> conduct, including the ALJ decision itself, or its litigation position
> are not substantially justified, but the district court is to make only
> one determination for the entire civil action."

*Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006) (internal citations suppressed).

## Discussion

The Government contends that its litigation position was substantially justified because

the ALJ's error was merely one of articulation. The Government contends at the EAJA stage, as

it did at the summary judgment stage, that the ALJ's opinion must be read as a whole and that

---

[2] The Court notes that the parties initially contested the appropriate hourly rate Plaintiff would be entitled to if successful. Plaintiff initially sought an hourly fee of $225.00, which Defendant contended was in excess of the EAJA's $125 cap, even after adjusting for cost of living, and that Plaintiff was entitled to at most to an hourly fee of $215.00. *See* 20 U.S.C. §2412(D)(2)(A) (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that …. Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or special factor… justifies a higher fee). In his Reply (Doc. 21), Plaintiff concedes this point and does not contest a reduction to the $215.00 hourly rate and this issue is resolved accordingly.

when so read there is a reasonable basis in the facts and law for the Government's position. This misses the key problem with the ALJ's opinion that caused both the Magistrate Judge to recommend and this Court to order remand. Reading the ALJ's opinion as a whole, as the Government encourages us to do, reveals that the ALJ himself stated that his step two analysis did not constitute a mental RFC assessment and that a more thorough analysis was necessary. *See* A.R. 19 ("The limitations identified in the 'paragraph B criteria are not a residual functional capacity assessment… the mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment."). The ALJ's one-sentence statement that nevertheless the "following residual functional capacity assessment reflects the degree of limitation the undersigned has in the 'paragraph B' mental function analysis", A.R. 19, is not enough to provide a reasonable connection between the facts and the law in the ALJ's opinion. *See Mark M. v. Kijakazi*, 2022 WL 17960687 at *4-5 (N.D. Ill. 2022) ("Court after court has rejected this language as insufficient to properly account for mild mental limitations without a more thorough discussion when crafting the RFC, finding the language confusing or ambiguous") (citing *David K. v. Kijakazi*, 2022 WL 2757695 (N.D. Ill. 2022)). This perfunctory statement fails to create a record on which adequate judicial review can be performed.

It is well-settled law in the Seventh Circuit that an ALJ must perform a more detailed analysis of the claimant's non-severe limitations when evaluating the claimant's residual functional capacity. *See, e.g., DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019); *Yurt v. Colvin*, 758 F.3d 850, 857-59 (7th Cir. 2014); *Hovi v. Colvin*, 2013 WL 3989232 at *16 (W.D. Wis. 2013) ("Courts in this circuit have consistently held that an ALJ's unexplained failure to include even mild limitations in concentration, persistence, and pace in the RFC warrants

remand."); *Muzzarelli v. Astrue*, 2011 WL 5873793 (N.D. Ill. 2011) (if the ALJ believed that mild mental limitations "did not merit a non-exertional limitation in the RFC, he was obligated to the explain that conclusion so that [the Court] can follow the basis of his reasoning.").[3] The incorporation of such impairments, or an adequate explanation of the decision not to do so, is critical because even "mild limitations in social function or concentration, persistence, or pace may preclude the ability to perform … skilled and semi-skilled work." *Cheryl C. v. Berryhill*, 2019 WL 339514 at *3 (N.D. Ill. 2019). These limitations can even preclude a claimant's ability to perform unskilled work. *See O'Conner-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (rejecting argument that ALJ adequately incorporated mild limitations in concentration, persistence, and pace into hypothetical posed to vocational expert by limiting the hypothetical to purely unskilled work).

This is particularly acute in cases like the case at bar, where the ALJ denied Robin's DIB claim at Step Five based on his determination that Robin could perform his past work as an accounts payable bookkeeper and/or motorcycle sales person. A.R. 23. The vocational expert determined that this was skilled work and the ALJ adopted this conclusion. *Id.* The failure to incorporate any limitations from Robin's mild mental impairments, or to adequately explain the decision not to do so, creates an unreasonable risk that this determination was made in error. Courts have consistently held that failure to incorporate or explain the lack of incorporation of mild mental limitations is reversible error requiring remand, and the ALJ's failure to do so shows

---

[3] *See also Simon-Leveque v. Colvin*, 229 F.Supp.3d 778, 787 (N.D. Ill. 2017) (recognizing that an ALJ "must still affirmatively evaluate the effect mild limitations have on the claimant's RFC," even if such limitations standing alone would not ordinarily prevent an individual from obtaining employment); *Judy M. v. Kijakazi*, 2023 WL 2301448 at *4-5 (N.D. Ill. 2023) (the "ALJ's failure to adequately address [claimant's mild] mental limitaitons in his RFC analysis and to determine what impact they had on [claimant's] ability to perform her previous relevant work are grounds for remand."); *Mark M.*, 2022 WL 17960687 at *3-4 ("[t]ime and time again, courts in this District have remanded ALJ opinions identifying nonsevere mental impairments at step two that disappear without explanation when it comes time to craft the RFC before step four"); *Thomas G. v. Kijakazi*, 2022 WL 4234967 (collecting cases). Notably in these case and more identified by plaintiff (see Doc. 21 AT 4-5), EAJA fees were awarded to the prevailing claimants.

that his opinion lacked a reasonable basis in the law and a reasonable connection between the facts and the law and was therefore substantially unjustified.

### Conclusion

For the foregoing reasons, Plaintiff's Motion (Doc. 18) for Attorney Fees (EAJA) is GRANTED. It is hereby ordered that Plaintiff is awarded attorney fees under the Equal Access to Justice Act in the amount of $8,385.00[4] and costs in the amount of $402.00. Pursuant to *Comm'r of Soc. Sec. v. Ratliff*, 130 S. Ct. 2521 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees and costs directly to Plaintiff's counsel. All checks issued consistent with this order must be mailed to 11450 Bustleton Avenue, Philadelphia, PA 19116.

Signed on this 21st day of August,

s/ James E. Shadid
James E. Shadid
United States District Judge

---

[4] This reduction from Plaintiff's initial request of $8,775.00 reflects the reduction from Plaintiff's initial proposed $225 hourly rate to $215. *See n. 2, supra.*